Carl WARNER, et al., Individually and on Behalf of all those Similarly Situated, Plaintiffs,

v.

RYOBI MOTOR PRODUCTS CORP., Ryobi North America, Inc., Defendants.

Civ. A. No. 8:92–3491–3.

United States District Court, D. South Carolina, Anderson Division.

Dec. 24, 1992.

Rivers Lawton McIntosh, McIntosh & Sherard, Anderson, SC, Jerome Tauber, Seth Kupferberg, Philip Sipser, Sipser, Weinstock, Harper & Dorn, New York City, for plaintiffs.

Robert Oliver King, Ogletree, Deakins, Nash, Smoak & Stewaert, Greenville, SC, Gerald L. Morel, Mary W. Shellenberg, Ma-

suda, Funai, Eifert & Mitchell, Ltd., Chicago, IL, for defendants.

## ORDER GRANTING PRELIMINARY INJUNCTION

### Rule 65, F.R.Civ.P.

GEORGE ROSS ANDERSON, Jr., District Judge.

This matter came before the Court on December 22, 1992, pursuant to Plaintiffs' Notice of Motion and Motion For Preliminary Injunction filed December 11, 1992. The Court finds from the specific facts contained in the affidavits and exhibits filed in support of and in opposition to the motions, as well as the supporting memoranda, that Plaintiffs are entitled to a Preliminary Injunction.

The Complaint in this action, filed concomitantly with the Motion For Preliminary Injunction, seeks both legal and equitable relief for Defendants' alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. In their Motion For Preliminary Injunction, Plaintiffs seek to enjoin Defendants, pending a final determination on the merits, from terminating, modifying and/or reducing Plaintiffs' current level of lifetime medical insurance benefits and Medicare Supplement insurance provided by Defendants. More specifically, from any manner implementing any of the terms of the notices sent by Defendants to Plaintiffs dated November 11, 1992, notifying them that the medical benefit and supplemental medical benefit plans were being terminated effective January 1, 1992 and requiring Plaintiffs to elect one (1) of two (2) new medical programs by December 15, 1992 or forever lose their benefits.

Plaintiffs are retirees of the Singer Company, Motor Products Division located in Anderson and Pickens Counties, South Carolina. Defendants are the successor in interest of Singer Company, Motor Products Division, by virtue of an "Asset Purchase Agreement" dated July 1, 1988.

## I. PRELIMINARY INJUNCTION

The standard for preliminary injunctive relief is the "balance of hardships test". Under this test, the court must consider the following four (4) factors when deciding whether injunctive relief is proper:

(1) The Plaintiffs will suffer irreparable harm if the preliminary injunction is denied;

(2) The likelihood of harm to the Defendant if the requested relief is granted is small;

(3) The likelihood that the Plaintiffs will succeed on the merits is great; and

(4) The public interest supports the injunction;

Taking these factors seriatim and applying each to the facts of this case, the Court finds the likelihood that Plaintiffs' will suffer irreparable harm if the preliminary injunction is denied is eminent.

Plaintiffs, some eight hundred (800) in number, are retirees and live on fixed incomes. For a great many of this group, fixed income consists solely of payments received from social security. Additionally, the majority of Plaintiffs are over the age of sixty-five (65) and face declining health with associated increased medical cost and expenses that is the normal incident of the aging process.

By the notices dated November 11, 1992, Defendants attempt to require Plaintiffs to choose between one (1) of two (2) new medical programs at a substantially increased price with significantly lower benefits. The notices required Plaintiffs to elect between the new programs and pay the premiums by December 15, 1992. Under the notices, failure of the retirees to elect and pay by the specified date would result in a forfeiture of all benefits. The retirees would not be allowed to obtain the new coverage subsequently if they failed to act by December 15, 1992.

The effect of Defendants' actions, if allowed, would result in a great many of the Plaintiffs being completely without health insurance coverage other than Medicare as they could not afford to pay the premiums

demanded by Defendants. The further result being that Plaintiffs would be denied needed medical treatment and services at a time when the same is critical to Plaintiffs' welfare.

Conversely, the likelihood of damage to Defendants upon the Preliminary Injunction being granted is minimal. In fact, the only harm alleged by Defendants is economic. Defendants maintain that they will suffer damages of $495,518.00 annually and $114,-385.00 short term if a Preliminary Injunction is issued. Defendants' contrast this to damages of Plaintiffs of $260,508.00 annually and $21,709.00 short term if a preliminary injunction is denied. Clearly, Defendants are in a much better position to withstand the alleged economic harm than Plaintiffs. This is especially true when considered with the potentially life threatening consequences to Plaintiffs should injunctive relief be denied.

The adverse effect on the public interest, if injunctive relief is not granted, further leads this Court to the conclusion that such relief is proper. Plaintiffs comprise a group of former employees that gave many years of loyalty and dutiful service to their employer. As an inducement for such loyalty and service, Plaintiffs were promised that upon their working the requisite number of years, they would be given lifetime health insurance and Medicare Supplement insurance as a retirement benefit. To allow Defendant at this point to terminate or modify Plaintiffs' retirement benefits, especially on such a short time requirement as called for in the November 11, 1992 notices, would undermine the integrity of all pension and retirement plans.

Finally, this Court finds that the likelihood of Plaintiffs succeeding in their underlying claim against Defendants is strong and clear. Based upon the evidence presented, it appears Plaintiffs were promised free lifetime retirement health insurance benefits in compensation for their years of service. Although vigorously disputed by Defendants, it appears Defendants failed to unambiguously reserve the right to unilaterally modify or terminate its health care plan. In fact, it is admitted by Defendants that SPD's printed after 1980 were never given or mailed to retirees, but only given to active employees.

The only language contained in Defendant SPD's distributed to retirees on which Defendants rely does not clearly and unambiguously reserve the employer's right to terminate the benefits, but appears to relate to administration of the plan through a particular insurance company. The language can be construed as a right of the Administrator to terminate services. See *Pierce v. Security Trust Life Trust Ins. Co.*, 979 F.2d 23, 15 Employee Benefits Cases (BNA) 1873 (4th Cir.1992).

## II. SECURITY REQUIRED BY RULE 65(c), F.R.Civ.P.

■■■ Rule 65(c), F.R.Civ.P. provides that "no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant". The determination of the proper amount of security to be given by a party is a matter within the discretion of this Court. The Court finds that Plaintiffs' are without great financial assets. As stated above, a great number of Plaintiffs depend solely upon payments from social security as their only source of income. Because of the weak financial condition of Plaintiffs, the urgency of this action and the strong likelihood that Plaintiffs will be successful in their underlying claim, this Court finds that Two Hundred fifty ($250.00) dollars is the proper sum that Plaintiffs shall pay as security for the payment of any cost or damages which Defendants may incur.

**ACCORDINGLY, IT IS HEREBY ORDERED** That Plaintiffs' Motion pursuant to Section 502 of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1132, and Federal Rules of Civil Procedure, Rule 65 for a Preliminary Injunction pending a hearing on the merits is granted and the Defendants, their officers, agents and employees and all persons acting on their behalf are hereby,

**STAYED, ENJOINED AND RESTRAINED,** pending a final determination on the merits, from terminating, modifying and/or reducing the current plan of medical benefits and Medicare Supplement insurance benefits for Retirees of the Singer Company, Motor Products Division (and its successor, Ryobi Motor Products, Inc.), their spouses and eligible dependents; and from,

**910**

in any manner implementing any of the terms of the notices to Retirees dated November 11, 1992, notifying them that the medical benefit and supplemental medical benefit plans for retirees were being terminated effective January 1, 1993, including any requirements of an election of new coverage and/or from turning over any contributions received from the class of Retirees to any insurance carrier except that such contributions shall be placed into an interest bearing escrow account. It is further ordered that any security and/or bond required of the Plaintiff class by Rule 65, F.C.R.P. be and hereby is waived.

**IT IS SO ORDERED.**